UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JUAN FLAGG, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN, )<br>)<br>Respondent. ) | No. 2:20-cv-00470-JRS-DLP |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING FINAL JUDGMENT**

Juan Flagg's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case WVW 20-04-0016. For the reasons explained in this Entry, Mr. Flagg's petition is **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B. Disciplinary Proceeding**

Indiana Department of Correction (IDOC) Officer C. Kolarick wrote a conduct report charging Mr. Flagg with a violation of IDOC Adult Disciplinary Code A-117, battery against a staff person:

> On April 14th 2020 at approximately 11:05 A.M., I, C/o Kolarick, entered the 700 range of B-West in the SCU in response to Offender Flagg, Juan DOC # 121969 complaining about his Kosher trays. After explaining to Offender Flagg, Juan DOC # 121969 that his trays were correct, Offender Flagg, Juan DOC # 121969 began squirting a milky white substance on me through his cuffport. The milky white substance struck me on my chest and head area. Offender Flagg, Juan DOC # 121969 resides in SCU B-West Cell 712.

Dkt. 9-1. Photographs were taken following the incident and included with the conduct report. *Id.* Officer Woodburn provided a witness statement that he saw Officer Kolarick "being struck by an unknown substance coming from the top range in the direction of 712[.]" Dkt. 9-12.

Mr. Flagg was notified of the charge on April 22, 2020, and he pled not guilty and declined to call any witnesses. Dkt. 9-2. He requested a lay advocate. *Id.* The screening report noted in the physical evidence box that pictures would be provided. *Id.*

Mr. Flagg requested a continuance of his hearing to add to his witness list and to receive additional documentary evidence. Dkt. 9-4. He requested that Dr. Byrd provide a statement about his medical records, that Counselor Dugan provide testimony about his state of mind during the incident and provide his 30-day reviews, that Intelligence and Investigations complete an investigation,[1] and that his own written report be considered. *Id.* Mr. Flagg also requested the video evidence during the incident. *Id.* Mr. Flagg's hearing was ultimately postponed three times due to caseload and to obtain the requested evidence. Dkt. 9-6.

---

[1] An investigation was not conducted because there was no report that the substance involved a bodily waste. *See* dkt. 9-10.

The disciplinary hearing officer (DHO) prepared a written summary of the video, as Mr. Flagg was not allowed to review it for security reasons. Dkt. 9-9. The summary stated:

> 10:57:41am – time on video – A nurse and Officer Woodburn enter SCU B West 700 range during med pass on the bottom range, then they go upstairs to 712. It appears Offender Flagg, Juan 121969 refuses his medication. Next they go back downstairs to cell 704
>
> 11:00:27am – The nurse and Woodburn are still at cell 704. Officer Kolarick enters the range and is standing by the wall across from cell 701 fixing his face mask
>
> 11:00:29am – Offender Flagg sticks his arm out the cuff port of the cell 712. Offender Flagg has a gold/yellow bottle in his hand and he slings a liquid substance over the upper ledge on to officer Kolarick below.

*Id.* The Court has reviewed the video filed *ex parte* and finds that it is accurately described by the written summation. The Court has also reviewed the sealed exhibit G and G-1 which consists of photographs related to the incident and Mr. Flagg's medical records. Dkt. 10.

Mr. Flagg prepared a written statement for his hearing which was held on May 26, 2020. Dkt. 9-7; dkt. 9-8. The DHO considered the staff reports, Mr. Flagg's statement, photographic evidence, the video evidence, and Mr. Flagg's medical records and found him guilty. Dkt. 9-7. Mr. Flagg's sanctions included a credit class demotion. *Id.*

Mr. Flagg's appeals to the Facility Head and IDOC Final Reviewing Authority were unsuccessful. Dkt. 9-13; dkt. 9-14. He then filed his petition pursuant to 28 U.S.C. § 2254. Dkt. 2.

### C. Analysis

Mr. Flagg raises the following grounds in his petition: (1) the DHO was not impartial; (2) he was denied a lay advocate in accordance with IDOC policy; (3) the evidence was insufficient; and (4) his Eighth Amendment rights were violated. *Id.*

#### 1. Impartial DHO

A prisoner in a disciplinary action has the right to be heard by an impartial decision-maker.

3

*Hill*, 472 U.S. at 454. Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). "[T]he constitutional standard for impermissible bias is high." *Piggie*, 342 F.3d at 666. The presumption is overcome—and an inmate's right to an impartial decision-maker is breached—in rare cases, such as when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667. Mr. Flagg's disagreement with the outcome of his hearing and the DHO's decision does not implicate bias. He has not alleged that the DHO was directly or substantially involved in the factual events or investigation underlying his charge.

Mr. Flagg's argument regarding his "silence" at the hearing being used against him is unavailing for two reasons. First, he submitted a lengthy written statement expressing his arguments, which the DHO considered. Dkt. 9-7; dkt. 9-8. Second, an inmate's silence may be used against him in a prison disciplinary proceeding so long as there is additional inculpatory evidence before the hearing officer. *See Castillo v. Johnson*, 592 F. App'x 499, 501 (7th Cir. 2014) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)). As the Court will discuss, the DHO relied on sufficient evidence—in addition to Mr. Flagg's silence to find him guilty. Mr. Flagg was also not entitled to a lay advocate, as more thoroughly outlined below, and therefore, the DHO's failure to replace the lay advocate assigned to Mr. Flagg with someone else does not establish that the DHO was partial.

Mr. Flagg has presented no evidence to overcome the presumption of impartiality, and thus, is not entitled to habeas relief on this ground.

### 2. Lay Advocate

Mr. Flagg states that Sgt. Adams advised him that he would be written up for battery against Officer Kolarick, that the conversation became heated, and that Sgt. Adams made a derogatory comment towards him and did not help him with his request to speak to mental health. Dkt. 2 at 4. Mr. Flagg filed a grievance against Sgt. Adams prior to his disciplinary hearing, and then Sgt. Adams was assigned to be Mr. Flagg's lay advocate. *Id.*; dkt. 9-3. Mr. Flagg argues that he asked the DHO for a different lay advocate but was denied, and that Sgt. Adams did not help him with his defense. Dkt. 2 at 4-5.

Mr. Flagg's argument fails because he was not constitutionally entitled to a lay advocate. A prisoner in a disciplinary proceeding has no right to a lay advocate unless he is illiterate, or the complexity of the issue makes it unlikely that he will be able to collect and present evidence. *See Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (citing *Wolff*, 418 U.S. at 571). The record and Mr. Flagg's filings do not indicate that he is illiterate, and the Court does not find this action to be complex. The conduct report describes the events that occurred and outlined the charge of battery committed against Officer Kolarick. Though Mr. Flagg argues that he has a diagnosis of a traumatic brain injury, the Court does not find that this injury impeded Mr. Flagg's ability to marshal his defense. Mr. Flagg has demonstrated that he can coherently present arguments in his appeals, in his written statement presented at the hearing, and in his subsequent filings with the Court in this habeas action.

To the extent that Mr. Flagg contends that he was not provided with an adequate lay advocate in accordance with IDOC policy, his argument is unsuccessful. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Claims based on prison

5

policies are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Accordingly, habeas relief on this ground is denied.

### 3. Sufficiency of Evidence

Mr. Flagg contends that the DHO used his silence at the hearing and his "attitude and demeanor" against him in violation of due process. Dkt. 16 at 3-4. He argues that there was no evidence that his actions were not a result of his mental disability. *Id.* at 5. The Court construes these arguments as challenges to the sufficiency of the evidence.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

The "'some evidence' standard" is "a 'meager threshold.'" *Jones v. Cross*, 637 F.3d 841, 849

(7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939). Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

Code 117 prohibits an offender from committing battery against a staff person, such as Officer Kolarick. Dkt. 9-15. The respondent argues that battery "occurs when one intentionally touches another person, **directly or indirectly**, in a harmful or **offensive manner**." Dkt. 9 at 10 (collecting cases) (emphasis added). Here, Officer Kolarick's conduct report alone provides "some evidence" that identifies Mr. Flagg as the individual who squirted a milky white substance at him through the cuffport of Mr. Flagg's cell. Dkt. 9-1. The substance hit Officer Kolarick on his chest and head. *Id.* Officer Kolarick's account is corroborated by video and photographic evidence and a witness statement. The circumstances outlined in the conduct report fit the definition of battery— Mr. Flagg indirectly touched the officer with an unknown liquid substance in an offensive manner.

Though Mr. Flagg wanted the DHO to accept his mental health argument to absolve him of his conduct, due process did not require the DHO to accept any particular argument. Mr. Flagg presented his mental health argument for consideration, which is all that due process required. His medical records were provided to and were considered by the DHO. Dkt. 9-7. The DHO's decision enjoys support from the considerable evidence discussed above. There is no dispute that Mr. Flagg struck Officer Kolarick with the liquid. There is no dispute that Mr. Flagg has a brain injury. However, the record does not indicate that Mr. Flagg was incapable of acting with knowledge or intent.

There was "some evidence" to support his charge, and Mr. Flagg is not entitled to habeas

7

relief on this ground.

### 4. Eighth Amendment Claim

Mr. Flagg contends that he was placed in stricter restrictive housing as a result of his guilty finding which amplified his trauma and mental anguish, and generally states that the DHO violated his Eighth Amendment rights. Dkt. 2 at 5-7. But Mr. Flagg's Eighth Amendment claims are not cognizable in a habeas petition. *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011) (recognizing the court's "long-standing view that habeas corpus is not a permissible route for challenging prison conditions."). In cases where a prisoner "is not challenging the fact of his confinement but instead the conditions under which he is being held, [the Seventh Circuit] has held that [he] must use a [42 U.S.C.] § 1983 . . . theory." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005); *see also Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003) ("For prisoners, the difference between a civil rights action and a collateral attack is easy to describe. Challenges to conditions of confinement . . . fall under § 1983. Attacks on the fact or duration of confinement come under § 2254.").

Accordingly, Mr. Flagg is not entitled to habeas relief on these grounds.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Mr. Flagg's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Flagg's petition for a writ of habeas corpus is **denied**, and the action is **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/7/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JUAN FLAGG
121969
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov